# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 2:03-cr-102-DBH |
| | ) | |
| RONALD LEE STEWART, | ) | |
| | ) | |
| Defendant | ) | |

## PROCEDURAL ORDER

The defendant has moved "for change/remission of sentence restitution." He claims that the Bureau of Prisons is taking too much money from his prison account in order to make restitution payments to a bank he robbed, a bank robbery for which I sentenced him to six years' imprisonment in 2004. He says that he is 77, that his health prevents him any longer from obtaining "a prison paying job to meet his restitution payments," that his elderly sister and cousin send him money to make "his prison co-payments for medical and dental services, to purchase over the counter medications from the prison commissary, buy cosmetics, toilet articles and snacks to supplement his limited diet because of his age and health issues," and that these "come out of his sister and cousin's fixed social security income." Def.'s Mot. for Change/Remission of Sentence Restitution at 2 (ECF No. 42). His sister likewise has written (she says that she is 67 and the cousin is 80 and that the money "comes from our combined fixed income social security monthly checks") and she says: "The $60.00 a quarter withheld from our assistance is way excessive and wrong." (ECF No. 48).

The government has responded, stating that "the Court's inherent responsibility to determine matters of punishment" "includes final authority over all payment matters," but that the court can delegate that authority to the Bureau of Prisons "as long as the Court retains ultimate authority over such decisions." Gov't Objection at 2 (ECF No. 47). It points out that the Bureau has an Inmate Financial Responsibility Program that it uses to determine what payments should be made, and urges me to approve the schedule here, albeit upon de novo review.

This is an unusual case. In fact, the defendant has already served the prison sentence that I imposed. Before he completed his supervised release, he pleaded guilty to another federal bank robbery in a different jurisdiction and now is serving a prison term (the government says 262 months) for *that* crime. Id. at 1.

The Judgment and Commitment that I signed imposing the earlier punishment included the mandatory assessment of $100 and a restitution obligation of $7,273. In that respect, it stated:

> Any amount that the defendant is unable to pay now shall be paid in monthly installments, to be initially determined in amount by the supervising officer. Said payments are to be made during the period of supervised release/probation subject always to review by the sentencing judge on request, by either the defendant or the government.

Judgment at 6 (ECF No. 27). But the defendant is not now on supervised release and not subject to a supervising probation officer, so that provision does not apply. That Judgment and Commitment also stated:

2

> Unless the court has expressly ordered otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties is due during imprisonment.

Id. It is not immediately apparent to me that the sentence I have just quoted contemplates payments during a period of imprisonment for a *later* crime that occurs *after* the period of imprisonment that I imposed has ended. But perhaps there is other pertinent language I have missed.

Accordingly, I hereby **ORDER** the government to provide a further response by October 2, 2014, explaining the authority of the Bureau of Prisons to withhold amounts for the restitution I ordered under the Judgment and Commitment of March 22, 2004.

**SO ORDERED.**

**DATED THIS 17TH DAY OF SEPTEMBER, 2014**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**