# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 2:03-cr-102-DBH |
| | ) | |
| RONALD LEE STEWART, | ) | |
| | ) | |
| Defendant | ) | |

## ORDER ON DEFENDANT'S MOTION FOR CHANGE/REMISSION OF SENTENCE RESTITUTION

Ronald Lee Stewart has filed a "Petition for Change/Remission of Sentence Restitution" in connection with a sentence that I imposed in the District of Maine on March 22, 2004. I appointed counsel to represent him and heard oral argument on February 18, 2015. I now **Deny** the motion.

My original sentence included a special assessment of $100 and a restitution obligation of $7,273 for bank robbery, but no fine. Judgment in a Criminal Case, United States v. Stewart, No. 2:03-cr-102-DBH, (D. Me. Mar. 24, 2004) (ECF No. 27). It said that unless I expressly ordered otherwise (and I didn't), "payment of criminal monetary penalties is due during imprisonment." Id. It did not say what would happen to Stewart's financial obligation if he were to complete his prison time but then commit a new federal crime after his release, and be sentenced and re-imprisoned on the later federal crime before he finished paying the financial obligation I ordered. But that is exactly what happened. The federal sentencing judge on the later crime (bank robbery again, this time

Northern District of Oklahoma) imposed another special assessment of $100 and a new $95 restitution obligation, but did not refer to the restitution obligation of my previous District of Maine sentence. Judgment in a Criminal Case, United States v. Stewart, No. 4:09-cr-29-GKF, (N.D. Okla. Oct. 21, 2009) (ECF No. 84). Stewart complains that the Bureau of Prisons, however, has included both restitution amounts in determining what amount Stewart must pay under its Inmate Financial Responsibility Program. Stewart maintains that the Bureau of Prisons should not be able to recover the restitution I ordered while he is serving his prison sentence from the Northern District of Oklahoma.[1]

Stewart asks me to rule that my original restitution order was invalid at the outset for failing to set a payment schedule for the Bureau of Prisons to administer during his imprisonment. Response to Gov't Supplemental Filing at 4-5, No. 2:03-cr-102-DBH, (D. Me. Jan. 20, 2015) (ECF No. 61). But such a payment schedule would have applied only to the incarceration term that I ordered, Stewart has completed that term, and therefore that argument is moot. Moreover, unlike the Ninth and some other Circuits,[2] the First Circuit has not

---

[1] My original Judgment and Commitment did allow Stewart to challenge monthly payment amounts that the Probation Office was to establish once Stewart was on supervised release. Judgment in a Criminal Case, No. 2:03-cr-102-DBH, (D. Me. Mar. 24, 2004). But Stewart is not on supervised release and the Probation Office has not established payments. Instead, it is the Bureau of Prisons' schedule that Stewart is challenging.

[2] United States v. Gunning, 401 F.3d 1145, 1150 (9th Cir. 2005) ("the district court simply does not have the authority to delegate its own scheduling duties-not to the probation office, not to the [Bureau of Prisons], not to anyone else"); United States v. McGlothlin, 249 F.3d 783, 785 (8th Cir. 2001) ("the district court impermissibly delegated the payment schedule during incarceration to the Bureau of Prisons"); United States v. Miller, 77 F.3d 71, 78 (4th Cir. 1996) (same); United States v. Kinlock, 174 F.3d 297, 301 (2d Cir. 1999) ("When restitution cannot be paid immediately, the sentencing court must set a schedule of payments for the terms of incarceration, supervised release, or probation."); United States v. Overholt, 307 F.3d 1231, 1256

2

ruled that a sentencing judge must include a specific schedule for restitution payments during imprisonment.[3] I also lack authority to grant the relief Stewart requests. Stewart cannot attack his 2004 sentence now under Rule 35. Stewart voluntarily dismissed his original appeal of his sentence. Mandate, No. 2:03-cr-102-DBH, (D. Me. Aug. 30, 2004) (ECF No. 22). He also filed a pro se motion for reduction or correction of sentence in 2004, Motion for Reduction or Correction of Sentence, No. 2:03-cr-102-DBH, (D. Me. May 19, 2004) (ECF No. 35), which I denied. Order on Def.'s Motions, No. 2:03-cr-102-DBH, (D. Me. Oct. 5, 2004) (ECF No. 41). Section 2255 of Title 28 is unavailable to challenge restitution. United States v. Chorney, 453 F. App'x 4, 8 (1st Cir. 2011). Although Stewart may be able to bring his claim under the federal habeas corpus statute, 28 U.S.C. § 2241, Elwood v. Sanders, 2007 WL 1579990, at *4, adopted at *1 (E.D. Ark. May 31, 2007); United States v. Fenton, 577 F. Supp. 2d 458, 459 (D. Me. 2008), that claim would lie not in this District, but in the jurisdiction where he is incarcerated, the Eastern District of Texas (Stewart is currently held at FCI Beaumont.)

---

(10th Cir. 2002) ("In light of this statutory scheme, we see no room for delegation by the district court with respect to payment schedules for restitution.").

[3] United States v. Merric, 166 F.3d 406, 409 (1st Cir. 1999), requiring judicial review of a payment schedule applies to supervised release, not imprisonment. As for imprisonment, my 2004 Judgment and Commitment provided: "Unless the court has expressly ordered otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties is due during imprisonment." I did not order otherwise. 18 U.S.C. § 3572(d) makes payment due immediately unless the Judgment provides for payment on a date certain or only in installments. Because neither of these were pertinent to the payment obligation in prison, payment was due "immediately." That seems to satisfy the First Circuit without a schedule. See Bramson v. Winn, 136 Fed. Appx. 380, 381 (1st Cir. 2005).

3

Finally, it is doubtful that Stewart is entitled to relief in any event.[4] The duration of a restitution obligation is not limited to the original term of imprisonment and supervised release. Instead, it is an outstanding obligation for 20 years, 18 U.S.C. §§ 3613(b),(f), and the government can take steps to enforce it during that period. Elwood, 2007 WL 1579990, at *4. Stewart has not exhausted the administrative remedies that the Bureau of Prisons makes available under its Inmate Financial Responsibility Program to challenge his payment amount.[5] 28 C.F.R. §§ 545.10-11; United States v. Rumney, 86 F.3d 1147 (1st Cir. 1996) ("appellant must first exhaust administrative remedies before complaining to a court in the appropriate district."); see Dunbar v. Sabol, 649 F. Supp. 2d 1, 3 (D. Mass. 2009) (not a jurisdictional but a prudential requirement). A number of district courts have ruled that the Bureau of Prisons acts within its authority in considering prior unsatisfied judgments of restitution when administering the Inmate Financial Responsibility Program. E.g., Trinh v. Thomas, 2008 WL 4133562 (D. Ore. Aug. 29, 2008); Elwood, 2007 WL 1579990, at *4; Ross v. Owen, 2011 WL 4549132, at *3 (D. S.C. Aug. 29, 2011), adopted at 2011 WL 4549106 (D. S.C. Sept. 30, 2011).

---

[4] I need not address whether he previously voluntarily agreed to payment. There are significant disincentives for those who fail to participate in the Inmate Financial Responsibility Program. ("Refusal by an inmate to participate in the financial responsibility program . . . ordinarily shall result in the following: . . . The inmate shall be subject to a monthly commissary spending limitation more stringent than the monthly commissary spending limitation set for all inmates . . .; [t]he inmate will be quartered in the lowest housing status (dormitory, double bunking, etc.); [t]he inmate will not be placed in a community-based program; [t]he inmate will not receive a release gratuity unless approved by the Warden . . ." among other penalties. 28 C.F.R. § 545.11.) See Shaw v. Daniels, 2010 WL 4628905, at *2 (D. Colo. Nov. 8, 2010). In any event, Stewart in filing this motion has demonstrated that he no longer voluntarily agrees.

[5] Whether the challenge be to the amount of restitution outstanding or the amount that Stewart is able to pay on a quarterly basis given his age and his source of funds (elderly relatives).

4

I do not address the equities that both sides mention in their briefs[6] because it is clear that I have no authority to grant the relief Stewart requests.

The motion is **DENIED**.

**SO ORDERED.**

**DATED THIS 18TH DAY OF FEBRUARY, 2015**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[6] Stewart is almost 78. His source of funds is a 67-year-old sister and an 80-year-old cousin who receive only Social Security income. He uses their contributions in part to pay prison gambling debts and to buy chili and candy at the prison commissary. He is an inveterate bank robber destined to spend the rest of his life in prison (the 2009 sentence was 21 years) and his victims have not been made whole.